## VON SERLEY v. MANN.

(Supreme Court, Appellate Term.   July 6, 1909.)

MASTER AND SERVANT (§ 80*) — CONTRACT OF EMPLOYMENT—EVIDENCE—SUFFI-
CIENCY.

In an action for services rendered pursuant to an alleged employment,
evidence *held* not to sustain plaintiff's burden of proof.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Louis Von Serley against Samuel Mann.   From a judg-
ment for plaintiff, defendant appeals.   Reversed, and new trial or-
dered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Samuel N. Freedman, for appellant.
Samuel Manheimer, for respondent.

PER CURIAM.   The plaintiff testifies that he was employed by
defendant, but that such employment was by conversation over the
telephone.   At the time of the telephonic communications plaintiff did
not recognize the defendant's voice, but testified that the person with
whom he was talking said that he was "Mr. Mann."   Plaintiff also
testifies that when he arrived at the place of business where he was to
work he was engaged by the defendant at $25 per week as a musician;
that he worked 10 days, which would amount to $30.75; and that he
was paid $5 on account.   The defendant denies the story of plaintiff,
and testifies that he has no interest in the business, either as owner,
manager, or otherwise; that he is a butcher, and made only occasional
visits to this café for the purpose of collecting bills.   No other wit-
nesses were called.   It would seem that either party might have made
the situation much clearer by calling witnesses to prove that the de-
fendant did or did not have some interest in the business.   We do not
think the plaintiff has sustained the burden of proof, and the judgment
should be reversed, and a new trial ordered, with costs to the appel-
lant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.

MacLEAN, J. (dissenting).   Aside from the evidence of any tele-
phonic communication between the parties herein, as the plaintiff did
not know by recognition of the voice to whom he was talking, the
plaintiff, when he went to the café where, as he claims, he was employ-
ed by the defendant to play, testified that the defendant engaged him
at $25 a week as a musician, and that he saw the defendant there every
night giving orders to the help.   The defendant denied all this even
the communication by telephone, and asserted that he was never the
owner of the restaurant on the southeast corner of Second avenue and
———— street, testifying that this café or coffee house was at Twelfth

street and Second avenue. Employment was the crucial fact in the plaintiff's claim, not ownership of the café or coffee house; the latter fact being merely a circumstance that might be helpful to or assist the trial justice in determining the fact of the contract of employment, which was thus sharply disputed. No reason appears for interference by this court with the determination of the trial justice upon the disputed question of employment, and the question of ownership of the premises appearing to be rather of the defendant's defense and easily within his reach, as he testified he had been selling meat and collecting bills there for some length of time, failure to call or produce the owners or other witnesses to testify thereto may not be assigned as the unborne burden of the plaintiff.

The judgment herein should therefore be affirmed.